PER CURIAM.
The appellants seek review of a final judgment entered upon a jury verdict awarding plaintiff-appellee compensatory and punitive damages in a libel and slander action. Damages forming the basis of this action were sustained, so found the jury, when the individual defendant made a speech before a civic club in Port St. Joe, and the corporate defendant printed and distributed copies of the speech to all of its telephone subscribers.
The defamatory matter complained of, in substance, stated that Apalachicola was the only exchange of the company that showed any loss in the number of telephones, and that such loss was attributed largely to the local newspaper and its publisher (appellee herein) who was accused of taking pleasure in berating and abusing any business interest in the community, particularly including the duPont estate interests; it was further said of the publisher that in some instances he stated outright falsehoods about the du-Pont estate interests.
As reversible error, appellants urge the trial court’s refusal to give certain requested instructions setting forth the need to find malice in the making of a statement to which a qualified privilege attaches. Our. review of the record and the instructions given to the jury by the court convinces us that the law in this particular instance was adequately stated to the jury in the court’s instructions, and no^ reversible error has been shown in this respect.
*90 The remaining point upon which appellants rely for reversal is the sufficiency of the evidence to support the verdict for both compensatory and punitive damages. We cannot say on the basis of the record before us that the jury’s verdict was not supported by competent evidence. The test to be applied is not what an appellate court would have decided had they tried the case, but whether or not they can say after reviewing the case that the jury, as reasonable men, could not have found the verdict which they did. See Abraham Used Car Company v. Silva, Fla.App., 208 So.2d 500.
Appellants having failed to demonstrate reversible error, the judgment of the lower •court hereby appealed is affirmed.
WIGGINTON, C. J., and CARROLL, DONALD IC., and SPECTOR, JJ., concur.